| | |
|---|---|
| 1 | Mireya A.R. Llaurado, Bar No. 194882 |
| 2 | mllaurado@calljensen.com<br>CALL & JENSEN |
| 3 | A Professional Corporation<br>610 Newport Center Drive, Suite 700 |
| 4 | Newport Beach, CA  92660 |
| 5 | Tel:   (949) 717-3000 |
| 6 | Sandy Isom, Bar No. 157374 |
| 7 | scisom@fedex.com<br>FEDEX FREIGHT, INC. |
| 8 | 8285 Tournament Drive, 2nd Floor<br>Memphis, TN 38125 |
| 9 | Tel: (901) 434-8526<br>Fax: (901) 468-1726 |
| 10 | scisom@fedex.com |
| 11 | Attorneys for Defendant FedEx Freight, Inc. |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD GONZALES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FEDEX FREIGHT INC., a California Corporation; JOHN DOE, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  8:22-cv-1090<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**<br><br>*[Filed concurrently with Declarations of M. Llaurado, D. Woods, and S. Eslami, and Certificate of Service]*<br><br>Complaint Filed:  April 26, 2022<br>Trial Date:         None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446, Defendant FedEx Freight, Inc. ("Defendant" or "FedEx") removes to the United States District Court for the Central District of California, the state court action described below. In accordance with 28 U.S.C. § 1446(a), Defendant submits the following short, plain statement of the grounds for removal.

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, it is a civil action between citizens of different states, and no defendant is a citizen of the State of California. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## II. VENUE

2. This action was filed in Riverside County Superior Court. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c), and 1441(a) and 1446(a).

## III. PLEADINGS, PROCESS AND ORDERS

3. On April 26, 2022, Plaintiff Richard Gonzales ("Plaintiff") filed a complaint in Riverside County Superior Court naming FedEx as a defendant and alleging causes of action for race discrimination, harassment, and retaliation under the California Fair Employment and Housing Act ("FEHA"), tort claims of intentional infliction of emotional distress, a claim under the California Business & Professions

Code, and a claim alleged as "adverse employment action in violation of public policy." The Complaint is entitled *Richard Gonzales v. FedEx Freight, Inc., a California Corporation; John Doe, an individual; and Does 1 through 50, inclusive*, and designated Riverside County Superior Court Case No. CVRI2201660. A true and correct copy of the Summons and Complaint has been attached to the Declaration of Mireya A.R. Llaurado submitted herewith ("Llaurado Decl.") as **Exhibit 1**.

4. On May 2, 2022, Plaintiff served on Defendant, through Defendant's agent for service of process: (1) the Summons and Complaint; (2) a Civil Case Cover Sheet; (3) Certificate of Counsel; and (4) Alternative Dispute Resolution Information Package. True and correct copies of these documents are attached to the Llaurado Declaration as **Exhibits 1 and 2**.

5. On May 31, 2022, Defendant filed its Answer to the Complaint in State Court and served a copy of the Answer on Plaintiff. A true and correct copy of the Answer is attached to the Llaurado Declaration as **Exhibit 3**.

6. As of the date of this Notice of Removal, no other parties have been named or served with the Summons and Complaint in this action. (Llaurado Decl., ¶ 5.)

7. The documents attached to the Llaurado Declaration as Exhibits 1 through 5 constitute all of the pleadings and process that have been filed or received by Defendant in this action. The attachments satisfy the requirements of 28 U.S.C. section 1446(a). To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Riverside County Superior Court or served by any party other than as described above. *See* Llaurado Decl., ¶ 7.

## IV. TIMELINESS OF REMOVAL

8. This Notice of Removal is timely filed as it is filed within thirty (30) days of May 2, 2022, the date of service of the Summons and Complaint, and within one year from the commencement of this action. *See* 28 U.S.C. § 1446(b). No court proceedings have taken place.

## V. DIVERSITY JURISDICTION

9. The diversity of citizenship statute, 28 U.S.C. § 1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
> (1) citizens of different States. . .

10. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A. Diversity of Citizenship

11. To establish citizenship for diversity purposes, a natural person must be both a citizen of the United States and a domiciliary of a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). An individual is a citizen of any state where he or she domiciled at the time the lawsuit is filed. *Id.* Residency, though not the equivalent of domicile, can create a rebuttable presumption of domicile supporting diversity of citizenship. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (a party's residence is prima facie evidence of domicile for purposes of determining citizenship).

12. Per Plaintiff's pleading, Plaintiff alleges that he "was at all times relevant to this action a resident of Riverside County, State of California." *See* Llaurado Decl., Ex. 1, ("Complaint") at ¶ 2. Defendant's business records reflect that Defendant employed Plaintiff to work in California. Declaration of Diana M. Woods submitted herewith ("Woods Decl.") ¶¶ 3-6, Exhs A-C. Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes. *See Kyung Park v. Holder*, 572 F.3d 619, 624–25 (9th

Cir.2009) ("The intention to remain may be established by factors such as: current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes," citing *Lew*, 797 F.2d at 750).

13. For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). At the time this action was commenced in state court, Defendant was, and still is, a corporation organized under the laws of the State of Arkansas. Declaration of Shahram Eslami ("Eslami Decl.") ¶ 4. In addition, Defendant's principal place of business and its corporate headquarters where its officers direct, control, and coordinate its activities, is located in Memphis, Tennessee. Eslami Decl. at ¶ 5. Thus, Defendant is a citizen of the States of Arkansas and Tennessee, where it is incorporated and where it has its principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010) (the principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities").

14. No other party has been named or served as of the date of this removal. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

15. Thus, as set forth above, Plaintiff is a citizen of California, and Defendant is a citizen of Arkansas and Tennessee. Accordingly, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(a) is satisfied.

### B. The Amount in Controversy Exceeds $75,000

16. This Court has jurisdiction over this case because the amount placed in controversy by Plaintiff's alleged claims exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).



17. In his Prayer for Relief, Plaintiff requests the following payments from Defendant:
1. For compensatory damages in an amount according to proof;
2. For special damages in an amount according to proof;
3. For punitive and exemplary damages;
4. For mental and emotional distress damages in an amount according to proof;
5. For back pay, front pay, and other monetary relief;
6. For restitution damages;
7. For statutory penalties arising out of statutes referenced or implicated herein, as provided for by law;
8. For costs of suit, including attorney's fees, as permitted by law;
9. For an award of interest, including prejudgment interest, at the legal rate as permitted by law;
10. For such other and further relief as the Court deems proper and justified under all the circumstances.

(Complaint at page 18, Prayer for Relief.)

18. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

19. If, as here, a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 95 F.3d 856, 860-861 (9th Cir. 1996), *amended by, rehrng en banc denied by,* 102 F.3d 398 (9th Cir. Cal. 1996). In an action by a single plaintiff against a single defendant, all claims can be aggregated to meet the minimum jurisdictional amount. *Bank of California Nat'l Assn. v. Twin Harbors Lumber Co.,* 465 F.2d 489, 491 (9th Cir. Cal. 1972); *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. Pa. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

20. In determining whether the amount in controversy exceeds $75,000.00, the Court must presume Plaintiff will prevail on every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) (*citing Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F. 2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated")). The argument and facts set forth may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F. 3d 837, 843, n.1 (9th Cir. 2002) (*citing Willingham v. Morgan*, 395 U.S. 402, 407, n.3 (1969)).

21. The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). In determining whether a Complaint meets the amount in controversy requirement, attorneys' fees are to be included. *See, e.g., Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Jasso v. Money Mart Express, Inc.*, Civil Action No. 11-CV-5500 YGR, 2012 WL 699465 (N.D. Calif. March 1, 2012).

22. Reviewing the Complaint's Prayer for Relief, Paragraph 5 seeks "back pay, front pay, and other monetary relief," among many other categories of damages. In 2020, which was the last full calendar year of Plaintiff's employment, FedEx payed Plaintiff wages in the amount of $87,916.97. Declaration of Diana M. Woods ¶ 6, Exh. C. Based on a review of Defendant's records Plaintiff's hourly rate at the time of termination on May 17, 2021 was $30.98 per hour. Woods Decl. ¶¶ 3, 7, Exh. D. Based on Plaintiff's average earnings, his lost earnings as of his May 17, 2021 discharge to date are estimated at **$85,235.80**. Woods Decl. ¶¶ 7-8, Exh. D. Further, assuming a trial date of one year from removal, Plaintiff's total lost wages, on their own, would readily amount to **$170,471.60.** Woods Decl. ¶ 7, 9, Exh. D. With his lost earnings



alone, Defendant establishes that the amount in controversy exceeds the $75,000 threshold.

23. As set forth in Paragraph 17, *supra*, Plaintiff's Prayer for Relief (at Paragraph 3) also seeks recovery of punitive damages. Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994). Although FedEx vigorously denies Plaintiff's allegations, if he prevails and establishes the requirements of California Civil Code section 3294, the punitive damages alone could exceed the jurisdictional minimum. "To assess the amount of punitive damages that is appropriate in a given case, the court considers the nature of the defendant's wrongdoing, the amount of compensatory damages, and the wealth of the particular defendant." *Am. Gen. Life & Accident Ins. Co. v. Findley*, 2013 U.S. Dist. LEXIS 41644, 48-49 (C.D. Cal. Mar. 15, 2013). The potential punitive damage award against a defendant such as FedEx alone may satisfy the amount in controversy requirement. In *Aucina v. Amoco Oil Co.*, the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted the defendant was a Fortune 500 Company and that [b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct "the plaintiff's claim for punitive damages" might alone exceed the jurisdictional minimum. *Aucina*, 871 F.Supp. at 334.

24. As set forth in Paragraph 17, *supra*, Plaintiff's Prayer for Relief (at Paragraph 8) also seeks attorney's fees. The Ninth Circuit recently held "a court must include future [post-removal] attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy was met." *Fritsch* v. *Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). The Court may take judicial notice of attorneys' fee awards in similar cases. Cases in the Ninth Circuit

firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See Galt G/S*, 142 F.3d at 1155-56. Attorneys' fees are calculable beyond the time of removal. *Fritsch*, 899 F.3d at 794; *Simmons*, 209 F. Supp. 2d at 1035. In 2013, the Superior Court of Sacramento County awarded a single plaintiff $367,378.50 in attorneys' fees under the Fair Employment and Housing Act on a claim for wrongful termination and discrimination. *Angel v. Sutter Health et al*, case number 2009-00055279. Similarly, in 2012 the Orange County Superior Court awarded a single plaintiff $295,535.50 in attorneys' fees under the Fair Employment and Housing Act on a claim for discrimination and failure to accommodate. *Vargas v. City of Long Beach*, case number 30-2009-00126342.

25. As also set forth in Paragraph 17, *supra* (at Paragraph 4), Plaintiff seeks emotional distress damages. In *Hettick v. Federal Express Corporation*, Santa Clara County Superior Court case number 103-CV-010014, Hettick alleged a co-worker had an obsessive crush on her and sexually harassed her, management did not take sufficient action to stop the harassment, and Hettick was constructively discharged as a result. In 2005, a jury awarded Hettick $200,000 in emotional distress damages. In *Jody Gardner Clanahan v. David Diaz*, USDC Eastern District of California case number 1:05-CV-796, Clanahan, a teacher, alleged sexual harassment by the vice principal and that the school district failed to investigate or take appropriate corrective action. In 2007, the jury awarded Clanahan $350,000 in emotional distress damages against the school district.

26. Defendant denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or penalties, it is readily apparent that his aggregated claims establish an amount "in controversy" well in excess of the jurisdictional minimum of $75,000.

## VI. NOTICE OF REMOVAL TO COURT AND ADVERSE PARTY

27. Promptly after filing this Notice of Removal, Defendant will give written notice of this pleading to counsel for Plaintiff and will file a copy of this Notice with the Superior Court of the State of California for the County of Riverside.

## VII. CONCLUSION AND REQUESTED RELIEF

28. Because there is complete diversity of citizenship between Plaintiff and Defendant FedEx and because the amount in controversy exceeds $75,000, exclusive of interest and costs, Defendant prays that the Court remove this civil action from the Superior Court of the State of California, County of Riverside, to the United States District Court for the Central District of California and proceed with this matter as if it had been originally filed herein.

Dated: June 1, 2022

CALL & JENSEN
A Professional Corporation
Mireya A.R. Llaurado


By: */s/ Mireya A.R. Llaurado*
Mireya A.R. Llaurado

Attorneys for Defendant FedEx Freight, Inc.